**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1693
_____

CLARE MICHELFELDER

v.

DIANE C. MCGEE; JOEL STEINMAN, GRIMM, BIEHN AND THACTHER,
ATTORNEYS AT LAW; ERWIN D. MICHELFELDER; KENNETH FERRIS,
STARK + STARK ATTORNEYS AT LAW

Clare G. Michelfelder,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-07261)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2014

Before: CHAGARES, KRAUSE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 29, 2014)

_____

OPINION
_____

PER CURIAM

Clare Michelfelder appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania dismissing her amended complaint. For the reasons that follow, we will affirm the District Court's judgment.

I.

In December 2013, Michelfelder commenced this lawsuit by submitting to the District Court a pro se complaint and an accompanying motion to proceed in forma pauperis ("IFP"). The complaint appeared to raise constitutional and state law claims in connection with the estate of one of Michelfelder's relatives, which had been the subject of litigation in Pennsylvania state court. Named as defendants were the executor of the estate and three of the attorneys who apparently had been involved in the state court case. In light of these claims, Michelfelder sought "half of the estate" and punitive damages.

In January 2014, the District Court granted Michelfelder's IFP motion and screened the complaint pursuant to 28 U.S.C. § 1915. The court concluded that dismissal was warranted because (1) her constitutional claims had not been brought against any state actors, see 42 U.S.C. § 1983, and (2) there was no apparent basis for exercising diversity jurisdiction over her state law claims. As a result, the District Court dismissed the complaint without prejudice to Michelfelder's ability to re-file her complaint in state court or file an amended complaint in the District Court within thirty days.

Michelfelder chose the latter option, filing her amended complaint within the

2

thirty-day window.  This new filing appeared to attack the outcome of the state court litigation involving the decedent's estate.  Michelfelder alleged that "it would be redundant to re-enter the Pennsylvania's court system" and that "under the Fourteenth Amendment of the Constitution I am entitled to my day in court."  (Am. Compl. 2.) Michelfelder asked the District Court to "grant this remove/dissolve [] this Release and Settlement Agreement mediation contract [that had been enforced in the state court case] and grant my petition."  (Id. at 3.)

In February 2014, the District Court dismissed the amended complaint.  The District Court first determined that, to the extent Michelfelder sought to "challeng[e] her loss in state court," the District Court lacked jurisdiction over that challenge pursuant to the Rooker-Feldman doctrine.  (Dist. Ct. Mem. entered Feb. 19, 2014, at 2.)  The District Court then determined that, "[i]n any event," (1) Michelfelder's constitutional claims could not proceed because they were not brought against any state actors, and (2) there was no basis for exercising diversity jurisdiction over her state law claims.  Finally, the District Court declined to grant Michelfelder another opportunity to amend her claims, concluding that any further attempts at amendment would be futile.  This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Michelfelder's pleadings. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We may affirm a district

3

court's judgment on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Several requirements must be met for the doctrine to apply.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (listing those requirements).  One of those requirements is that "the federal plaintiff lost in state court." Id.; see Valenti v. Mitchell, 962 F.2d 288, 297 (3d Cir. 1992) ("We have found no authority which would extend the *Rooker-Feldman* doctrine to persons not parties to the proceedings before the [state court] and are referred to none.").

Although Michelfelder was *affected* by the outcome of the state court case involving the decedent's estate — the settlement agreement that was upheld in state court allocated only a small portion of the estate to Michelfelder[1] — it appears that Michelfelder was not actually a party to or in privity with a party to that case. Accordingly, the Rooker-Feldman doctrine does not bar her claims.  Nevertheless, there is no reason to disturb the District Court's dismissal of this case.  First, we agree with the District Court that Michelfelder's constitutional claims fail to state a cognizable § 1983 claim because neither of her pleadings named a state actor.  See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009).  Second, any state law claims were properly dismissed because

---

[1] That allocation was far less than half of the estate.

4

(a) there was no evidence of diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332, and (b) there is no indication that it would have been appropriate for the District Court to exercise supplemental jurisdiction over those claims. <u>See</u> <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotation marks omitted).  Finally, we agree with the District Court that further attempts to amend would have been futile.

In light of the above, we will affirm the District Court's judgment.  To the extent that Michelfelder's submission titled "Additional Information Regarding Th[i]s Appeal" seeks any other relief from this Court, that request is denied.